**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JOSHUA CHRISTIANSON, *individually and on behalf of all others similarly situated*, | Civil No. 25-3491 (JRT/JFD) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| ADVANTAGE COLLECTION PROFESSIONALS, LLC, | |
| Defendant. | |

Thomas J. Lyons, Jr. and Carter B. Lyons, **CONSUMER JUSTICE CENTER, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127, for Plaintiff.

Patrick D. Newman, **BASSFORD REMELE**, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402, for Defendant.


Plaintiff Joshua Christianson brings this case against Defendant Advantage Collection Professionals, LLC ("Advantage"), alleging that Advantage violated the Fair Debt Collection Practices Act ("FDCPA") by sending unsolicited debt collection text messages to Christianson and members of a potential class.  Advantage moves to dismiss Christianson's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Although Christianson's Complaint centered on alleging violations of §§ 1692c(a)(1), 1692d, and 1692e of the FDCPA, Christianson's briefing on the motion to dismiss, and presentation at oral argument, centered on demonstrating that Advantage's

text messages constituted an improper third-party disclosure in violation of 15 U.S.C. § 1692c(b).  The Court concludes that Christianson's Complaint does not plausibly allege a claim under § 1692c(b) and that Christianson's briefing and argument demonstrate that he has abandoned his claims under other sections of the FDCPA.  Accordingly, the Court will grant Advantage's motion to dismiss but will dismiss the Complaint without prejudice.

**BACKGROUND**

**I.    FACTS**

Christianson alleges the following in his Complaint.  Christianson incurred a consumer debt.  (Compl. ¶ 7, Sept. 4, 2025, Docket No. 1.)  On May 22, 2025, he received a text message from Advantage, stating:

> Hi Joshua, you'll rcv acct msgs from Advantage Collections Professionals Debt Collector. # of msgs varies by acct.  Msg&DataRatesMayApply.  Please open the following letter for debt information with your options and rights: [hyperlink].

(*Id*. ¶ 8.)  The "embedded hyperlink . . . redirected him . . . to a full collection letter.  This letter disclosed the full name of the debt collector . . . the name of the creditor . . . the amount allegedly owed, and a link to pay now[.]"  (*Id*. ¶ 13.)  On May 27, 2025, May 28, 2025, and June 3, 2025, he received three additional similar messages.  (*Id*. ¶ 9.)  The messages arrived at 10:42 a.m., 10:36 a.m., and 9:19 a.m., respectively.  (*Id*.)

Christianson alleges that the text messages were "not preceded by . . . notice" and were "received at a time when [Christianson] had not consented to receive debt collection communications via text message and had not provided prior express consent."

(*Id.* ¶¶ 15–16.)  Christianson alleges that he "was annoyed, confused, and alarmed by the message and suffered emotional distress."  (*Id.* ¶ 17.)

## II.    PROCEDURAL HISTORY

On September 4, 2025, Christianson initiated this putative class action, alleging that Defendant violated §§ 1692c, 1692d, and 1692e of the FDCPA.  (*Id*.)

On October 8, 2025, Advantage now moves to dismiss.  (Mot. to Dismiss, Oct. 8, 2025, Docket No. 5.)  Christianson filed a memorandum in opposition.  (Pl.'s Mem. Opp. Mot. Dismiss ("Pl.'s Mem. Opp."), Nov. 12, 2025, Docket No. 13.)  The legal theory supporting Christianson's claim for relief set forth in his opposition memorandum—and ultimately, at oral argument—differed significantly from the theory underlying his Complaint.  Christianson devoted much of his opposition memorandum to arguing that "[Advantage] violated [15 U.S.C.] § 1692c(b), which prohibits a debt collector from communicating with third-parties."  (Pl.'s Mem. Opp. at 6.)  Christianson argued that "disclosure of a debt . . . in a text message that was easily viewable or accessible by a third-party" violated 15 U.S.C. § 1692c(b).  (*Id.* at 8.)[1]

However, the three substantive paragraphs in the Complaint's "Claim for Relief" section stated:

- Defendant violated 15 U.S.C. §§ 1692c(a)(1) by sending unauthorized communications to Plaintiff's cell phone without prior express consent.

---

[1] At oral argument, when the Court asked Christianson's counsel whether the "focus [of this case is] now on 1692c(b)" counsel responded, "it is."

- Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse.

- Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with the collection of a debt, including improper disclosures via text.

(Compl. ¶¶ 25–27.)  In short, Christianson's Complaint did not seek relief for violations of § 1692c(b).  Indeed, the Complaint only referenced that provision of the FDCPA twice, (*see Id.* ¶¶ 2, 15), and contained no allegations of any disclosure, or even possible or likely disclosure, to third parties.

**DISCUSSION**

**I.      STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor.  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

In accepting the factual allegations to be true, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265,

286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

## II.   ANALYSIS

Advantage moves to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).  As an initial matter, the Court concludes that Christianson has abandoned each of his theories for relief under the FDCPA other than for impermissible third-party disclosure under § 1692c(b).  Accordingly, the Court will focus its analysis on whether Christianson states a plausible claim for relief under § 1692c(b).

Under § 1692c(b), a consumer must consent before a debt collector can communicate about a debt to "any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."  Courts in this District have found debt-collector liability under § 1692c(b) when a voicemail containing protected information is subsequently overheard by a third party.  *See, e.g.*, *Zortman v. J.C. Christensen & Assocs., Inc.*, 819 F. Supp. 2d 874, 876 (D. Minn. 2011) (details of the debt were heard by plaintiff's children); *Cordes v. Frederick J. Hanna & Assocs., P.C.*, 789 F. Supp. 2d 1173, 1177 (D. Minn. 2011) (details heard by household members).  Similarly, one District Court found

-5-

liable under § 1692c(b) where a debt-collection letter was sent in an envelope containing "a window through which anyone could see the creditor and account number related to the consumer debt[.]" *Owens v. Brachfeld*, No. C 07-4400, 2008 WL 3891958 (N.D. Cal. Aug. 20, 2008).

But, even taking the facts alleged in Christianson's Complaint as true, he has not stated a plausible claim for relief under § 1692c(b) of the FDCPA. Christianson's Complaint never alleges that another person saw—or even could have seen—any of the text messages he received from Advantage. In his opposition memorandum and at oral argument, Christianson theorized that one's cell phone is easily viewed by others and that someone else could have seen the texts Advantage sent; but critically, the Court's inquiry at this stage is whether his Complaint contains facts that would plausibly support a claim for relief. Because Christianson's Complaint alleges no facts to support a claim under that section, and because Christianson has abandoned all claims for relief other than under § 1692c(b), the Court will grant Advantage's motion to dismiss. Because the Court recognizes that Christianson's novel theory has evolved since the initial filing of his Complaint, the Court will dismiss his claims without prejudice.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. [5]) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

-7-

DATED:  July 1, 2026                                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                       United States District Judge